UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DANNY CHRUNIAK, | 1:12-CV-01679 AWI GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| RALF DIAZ, Acting Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 4, 2012, Petitioner filed the instant petition for writ of habeas corpus. He challenges the California court decisions upholding a March 2, 2011, decision of the California Board of Parole Hearings ("Board"). He also challenges the Board's application of parole guidelines as modified by California Proposition 9 ("Marsy's Law") at his March 2, 2011.

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

1  dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th
2  Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it
3  appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson,
4  440 F.2d 13, 14 (9th Cir. 1971).  The Court will review the instant petition pursuant to its authority
5  under Rule 4.
6  B.  Failure to State a Cognizable Ground for Relief
7       On January 24, 2011, the Supreme Court issued its opinion in Swarthout v. Cooke, ___
8  U.S.___, 131 S.Ct. 859, 2011 WL 197627 (2011), and held that "the responsibility for assuring that
9  the constitutionally adequate procedures governing California's parole system are properly applied
10 rests with California courts, and is no part of the [federal court's] business." Id. at 863. The Supreme
11 Court stated that a federal habeas court's inquiry into whether a prisoner denied parole received due
12 process is limited to determining whether the prisoner "was allowed an opportunity to be heard and
13 was provided a statement of the reasons why parole was denied." Id., at 862, *citing*, Greenholtz v.
14 Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).  According to the Supreme
15 Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the
16 prisoner] received due process." Swarthout, 131 S.Ct. at 862.  In this case, Petitioner does not claim
17 that he was denied an opportunity to be heard or that he was not provided a statement of reasons for
18 parole denial.  Moreover, it is clear from the transcript of the hearing that Petitioner was present with
19 his attorney, was provided with an opportunity to be heard, and was provided a statement of reasons
20 for the denial.  (Petition, Ex. B.)  Therefore, to the extent Petitioner challenges the decision of the
21 Board, his claims are not cognizable.
22       Nevertheless, Petitioner claims the Board violated his constitutional rights in setting his next
23 hearing.  He contends that the 2008 amendment to Cal. Penal Code § 3041.5(b), also known as
24 Marsy's Law, was applied to him retroactively in violation of the Ex Post Facto Clause.  He states
25 that prior to the application of Marsy's Law in his case, he was only subject to parole review
26 deferrals of one year; however, his parole hearing was postponed following his March 2, 2011,
27 hearing for a period of three years.
28       The Ex Post Facto Clause of the United States Constitution prohibits the states from passing

any "ex post facto law," a prohibition that "is aimed at laws 'that retroactively alter the definition of crimes or increase the punishment for criminal acts.'" Cal. Dept. of Corrections v. Morales, 514 U.S. 499, 504 (1995); see also Weaver v. Graham, 450 U.S. 24, 28 (1981) (providing that "[t]he ex post facto prohibition forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'"). The United States Supreme Court has held that "[r]etroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept." Garner v. Jones, 529 U.S. 244, 250 (2000).

On November 4, 2008, California voters passed Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law," which, *inter alia*, altered the frequency of parole hearings for prisoners not found suitable for parole. Cal. Penal Code § 3041.5; Cal. Const., art. I, § 28. Prior to the passage of Proposition 9, in the event a prisoner was determined unsuitable for parole, a subsequent parole hearing would be held annually thereafter. Cal Penal Code § 3041.5(b)(2) (2008). If the parole board determined it was not reasonable to expect parole would be granted within the next year, it could defer rehearing for two years. Id. If the prisoner was convicted of murder and it was not reasonable to expect he/she would be granted parole within the year, the board could select a rehearing term of up to five years. Id. Proposition 9 changed the frequency of subsequent parole hearings as follows:

> The board shall schedule the next hearing, after considering the views and interests of the victim, as follows:
>
> (A) Fifteen years after any hearing at which parole is denied, unless the board finds by clear enumerated in subdivision (a) of Section 3041 are such that consideration of the public and victim's safety does not require a more lengthy period of incarceration for the prisoner than 10 additional years.
>
> (B) Ten years after any hearing at which parole is denied, unless the board finds by clear and convincing evidence that . . . consideration of the public and victim's safety does not require a more lengthy period of incarceration for the prisoner than seven additional years.
>
> (C) Three years, five years, or seven years after any hearing at which parole is denied, because . . . consideration of the public and victim's safety requires a more lengthy period of incarceration for the prisoner, but does not require a more lengthy period of incarceration for the prisoner and convincing evidence that the criteria relevant to the setting of parole release dates than seven additional years.

U.S. District Court
E. D. California

3

Cal. Penal Code § 3041.5(b)(3) (November 4, 2008).

Petitioner claims an ex post facto violation occurred when Marsy's Law was applied to him retroactively. Prior to passage of Marsy's Law, Petitioner was eligible for a parole review hearing in one year. Petitioner asserts that with the application of Marsy's Law, he has been deferred a subsequent parole hearing for three years. Nevertheless, the Court does not find an ex post facto violation.

In <u>Morales</u>, a California statute changed the frequency of reconsideration hearings for parole from every year to up to three years for prisoners convicted of more than one murder. 514 U.S. at 503. The Supreme Court determined the statute did not violate ex post facto because the retroactive application of the change in California law did not create "'a sufficient risk of increasing the measure of punishment attached to the covered crimes.'" <u>Garner v. Jones</u>, 529 U.S. 244, 250 (2000), *quoting*, <u>Morales</u>, 514 U.S. at 509. The Supreme Court noted that the law "did not modify the statutory punishment for any particular offenses," it did not "alter the standards for determining either the initial date of parole eligibility or an inmate's suitability for parole," and it "did not change the basic structure of California's parole law." <u>Garner</u>, 529 U.S. at 250, *citing*, <u>Morales</u>, 514 U.S. at 507. Likewise, in this case Proposition 9 did not modify the punishment for Petitioner's offenses of robbery, oral copulation, sodomy and rape with force; it did not alter his initial parole eligibility date; and it did not change the basic structure of California's parole law. The board must consider the same factors in determining parole suitability as before. <u>See</u> Cal. Penal Code 3041(b); Cal. Code Regs., tit. 15, § 2402(b).

Nevertheless as noted above, in <u>Garner</u> the Supreme Court found that "[r]etroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept." 529 U.S. at 250. In <u>Garner</u>, the Supreme Court determined that an amendment to Georgia's parole law did not violate ex post facto even where the frequency of reconsideration hearings was changed from every three years to every eight years. <u>Id</u>. at 256. The Court held that it could not conclude that the change in Georgia law lengthened the prisoner's time of actual imprisonment because Georgia law vested broad discretion with the parole board to set a prisoner's date of rehearing. <u>Id</u>. at 254-56. In addition, the Court found it significant that the parole board's own policies permitted "expedited

U.S. District Court
E. D. California

4

parole reviews in the event of a change in [a prisoner's] circumstance or where the Board receives new information that would warrant a sooner review." Id. at 254 [Citation.].

Here, the California parole board is still vested with broad discretion in selecting a date of rehearing from three years to 15 years.  While it is true that Petitioner is no longer eligible for a parole review hearing annually as previously determined by the Board, and a date must be set at the minimum of three years, the Board retains the discretion, as did the Georgia parole board in Garner, to advance a hearing at any time should there be a change in circumstances. Pursuant to Cal. Penal Code § 3041.5(b)(4), the Board

> may in its discretion, after considering the views and interests of the victim, advance a hearing set pursuant to paragraph (3) to an earlier date, when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration of the prisoner provided in paragraph (3).

Based on the Supreme Court's holding in Garner, this Court does not find, and Petitioner has not demonstrated, that Proposition 9 creates more than just a "speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment for covered crimes." Garner, 529 U.S. at 251, *quoting*, Morales, 514 U.S. at 509.  In the case of Gilman v. Schwarzenegger, 638 F.3d 1101 (9th Cir.2010), the Ninth Circuit determined that based on the current record, Marsy's Law does not create a significant risk of prolonging incarceration on any of the theories asserted.

For the above reasons, Petitioner's challenges to the Board's application of Marsy's Law in his case must fail.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for failure to state a cognizable claim for relief.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after date of service of this Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to

1  Magistrate Judge's Findings and Recommendation." The Finding and Recommendation will then be
2  submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. §
3  636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may
4  waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
5  1991).

   IT IS SO ORDERED.

   **Dated:   November 19, 2012**          /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE